IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02291-REB-MJW

VERNE JAY MERRELL,

Plaintiff,

v.

DAVID ALLRED and
PATRICIA MITCHELL,

Defendants.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DOCKET NO. 3)
AND
DEFENDANTS' MOTION TO DISMISS (DOCKET NO. 34)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on December 8, 2011. (Docket No. 22).

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Verne Merrell alleges the following in his Complaint (Docket No. 1). Plaintiff is currently incarcerated at the United States Penitentiary Administrative Maximum facility in Florence, Colorado. Plaintiff objects to being injected with pharmaceuticals claiming that such injections violate his religious beliefs. More specifically, plaintiff objects to the injection of PPD, which is used to test for tuberculosis, and appears to be administered annually to the prison population

sometime in September. Plaintiff alleges that in September 2008, September 2009, and October 2010, he was forcibly injected with PPD despite his protest that the injections violated his religious beliefs. Plaintiff further alleges that he has been subjected to disciplinary actions due to his non-cooperation with the PPD injections.

Plaintiff's single claim for relief is made against defendants David Allred and Patricia Mitchell both in their individual and official capacities.

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff's Motion for Injunctive Relief (Docket No. 3) was filed on August 31, 2011. In it, plaintiff seeks injunctive relief to prevent a PPD injection which was scheduled to take place in September 2011. According to the letter filed by plaintiff on February 16, 2012 (Docket No. 32), that injection has since taken place. Accordingly, plaintiff's Motion for Injunctive Relief (Docket No. 3) has been rendered moot.

**MOTION TO DISMISS**

Defendants' Motion to Dismiss (Docket No. 34) was filed on February 16, 2012. Plaintiff filed a response to defendants' motion on March 2, 2012 (Docket No. 37). A reply was filed by defendants on March 16, 2012 (Docket No. 38). Plaintiff filed a surreply on April 3, 2012 (Docket No. 40), however the surreply was stricken by the court on April 5, 2012 (Docket No. 44).

The court has carefully considered the Complaint (Docket No. 1), the motion to dismiss (Docket No. 34), plaintiff's response (Docket No. 37), and defendants' reply (Docket No. 38). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The

court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations

4

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**I. The Basis for Plaintiff's Claim**

There is some dispute as to the basis for plaintiff's claim. Plaintiff's Complaint asserts jurisdiction pursuant to Bivens under the Free Exercise Clause of the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* In their motion to dismiss, defendants contend that plaintiff's claim arises under Bivens. However, plaintiff's response states that "[d]efendants' assertion [that] my claim arises under Bivens is simply untrue" and plaintiff further points to several references to RLUIPA in his Complaint to support his statement. In their reply, defendants therefore argue that the court should dismiss plaintiff's claim to any extent it arises under Bivens due to plaintiff's statement apparently conceding that his claim does not so arise.

The court notes that plaintiff's response to defendants' motion repeatedly asserts that plaintiff's claim arises under RLUIPA. Plaintiff's Complaint, including plaintiff's claim itself, references RLUIPA throughout. Further, plaintiff's arguments contained in his response relate to RLUIPA and RLUIPA case law. Accordingly, based on a liberal reading of plaintiff's complaint, the court finds that plaintiff's claim arises under RLUIPA. The court's analysis will proceed accordingly.

**II. Failure to State a Claim**

RLUIPA requires that no government shall impose a substantial burden on the religious exercise of a person confined to an institution. 42 U.S.C. § 2000cc-1(a).

"A plaintiff bears the initial burden of establishing 'the prima facie existence' of a substantial burden of his religious exercise." Vigil v. Jones, No. 09-cv-01676-PAB-KLM, 2011 WL 1480679, at *3 (Mar. 15, 2011) (quoting Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)). To survive a motion to dismiss, a RLUIPA complaint must

adequately allege the following: (1) that the plaintiff wishes to engage in a religious exercise; (2) that this wish is motivated by a sincerely held belief; and (3) that the exercise is subject to a substantial burden imposed by the government. See Abdulhaseeb v. Calbone, 600 F.3d 1301, 1312 (10th Cir. 2010).

As to the second requirement, plaintiff's Complaint alleges that his sincere religious beliefs dictate that the injection of pharmaceuticals is forbidden. Plaintiff goes into some detail as to the sincerity of his belief and the basis for his belief. Plaintiff further alleges that he as refused the injections several times in the past which resulted in forced injections.

While one could question the sincerity of plaintiff's beliefs, evaluating the sincerity of plaintiff's beliefs is "almost exclusively a credibility assessment," and conclusively determining whether his plaintiff's beliefs are sincere would be "premature at this stage." Kay v. Bemis, 500 F.3d 1214, 1219 (10th Cir. 2007) (noting that the sincerity of a plaintiff's purported beliefs "can rarely be determined on a motion to dismiss").

The first and third requirements essentially merge in a situation such as this wherein plaintiff is not seeking to engage in particular activity, but rather wishes *not* to engage in an activity required by defendants. In such a situation, government action may impose a substantial burden by "requir[ing] participation in an activity prohibited by a sincerely held religious belief." Abdulhaseeb, 600 F.3d at 1315. "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is *important* to his free exercise of religion." Id. at 1316.

Plaintiff's Complaint alleges that PPD injections were forced upon him on several

occasions, and that forced injections will continue. While the frequency of the injections is not substantial, plaintiff alleges that each injection has a substantial effect on his religious well-being. Based on the totality of plaintiff's allegations, the court finds that plaintiff has alleged the existence of a substantial burden on his religious exercise.

RLUIPA provides that a substantial burden on an individual's religious exercise is permissible only if the government demonstrates that the burden (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a). Defendants cite Johnson v. Sherman, No. CIV S-04-2255, 2007 WL 1029856 (E.D. Cal. Apr. 2, 2007), and argue it is directly applicable to the compelling interest requirement. Defendants also argue that Johnson shows that plaintiff's suggested less restrictive alternative to tuberculosis testing, namely a chest x-ray, is not a valid alternative.

The court finds that Johnson is not relevant to this matter at this time. While the facts of Johnson are similar, the procedural posture is not. The motion before the Johnson court was a motion for preliminary injunction. Id., at *1. As part fo their response to the motion for preliminary injunction, the government defendants submitted a declaration from the Chief Medical Officer of the state prison where the plaintiff was incarcerated. Id. The court relied heavily on this declaration, along with several other exhibits, in making its determination. See id., *3-4.

Here, the court must make its determination based on plaintiff's Complaint. See Gee, 627 F.3d at 1186 (stating that the sufficiency of a complaint must rest on its contents). Unlike the court in Johnson, this court does not properly have additional documents before it for its consideration. Absent their reliance on Johnson, defendants

provide no argument that they have met their burden to show a compelling interest or least restrictive means.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Injunctive Relief (Docket No. 3) be **DENIED AS MOOT**. It is further

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 34) be **GRANTED IN PART** insofar as it seeks dismissal of any Bivens claims. It is further

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 34) be **DENIED IN PART** insofar as it seeks dismissal of any RLUIPA claims.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

10

Date:  July 17, 2012                          s/ Michael J. Watanabe
         Denver, Colorado                      Michael J. Watanabe
                                               United States Magistrate Judge