IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02291-REB-MJW

VERNE JAY MERRELL,

Plaintiff,

v.

DAVID ALLRED and
PATRICIA MITCHELL,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Docket No. 68)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 22) issued by Judge Robert E. Blackburn on December 8, 2011.

**PROCEDURAL HISTORY**

On July 17, 2012, this court entered a Recommendation (Docket No. 55) recommending that Defendants' Motion to Dismiss (Docket No. 34) be granted in part and denied in part. Specifically, the court recommended that plaintiff's Bivens claims be dismissed and plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims not be dismissed. On August 24, 2012, Judge Blackburn entered an Order (Docket No. 66) adopting this court's recommendation.

The court has previously summarized plaintiff's allegations in its July 17, 2012 Recommendation (Docket No. 55). The court incorporates the summary and will not

repeat it here.

**PENDING MOTION**

Now before the court is Defendants' Motion for Summary Judgment (Docket No. 68). Defendants argue they are entitled to summary judgement on plaintiff's remaining claims due to plaintiff's failure to exhaust his administrative remedies.

The court has carefully considered the motion for summary judgment (Docket No. 68), plaintiff's response (Docket No. 78), and defendants' reply (Docket No. 81). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c),

except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party."

4

Id. at 1273.

Plaintiff is proceeding *pro se.* The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues). "The plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167

5

n.5 (10th Cir. 2003). Therefore, defendants do not waive the exhaustion defense by waiting to raise it, even on the eve of trial. Id.

Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth, 532 U.S. at 741 n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." Beaudry, 331 F.3d at 1167.

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). "'[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue' unless the complaint conclusively shows a failure to exhaust." Markovich v. Correct Care Solutions, 406 Fed. Appx. 264, 265 (10th Cir. 2010) (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

The court may take judicial notice of the Bureau of Prisons' ("BOP")

6

administrative process. See Ray v. Aztec Well Service Co., 748 F.2d 888, 889 (10th Cir.1984) (court can take judicial notice of agency rules and regulations); Antonelli v. Ralston, 609 F.2d 340, 341, n.1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement). The BOP has a four-step administrative process that provides for review at the institutional, regional and national levels "through which inmates may seek formal review of an issue which relates to any aspect of their confinement [with exceptions not pertinent to this case], if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10–542.18. "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Following informal attempts to resolve a complaint, the procedure requires that an inmate submit to the Warden "a formal written Administrative Remedy Request, on the appropriate form (BP–9), 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden must respond within 20 calendar days from the date the formal request is received and logged into the Bureau's Administrative Remedy Index. 28 C.F.R. § 542.18. If the 20–day period is insufficient to make an appropriate decision, the deadline may be extended once for 20 days, unless the request is determined to be an emergency that threatens the inmate's immediate health or welfare, in which case the Warden must respond no later than the third calendar day after filing. Id.

If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). The Regional

7

Director must respond within 30 days, which period may be extended once for 30 days. 28 C.F.R. § 542.18. If unsatisfied with the Regional Director's response, the prisoner "may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The General Counsel must respond within 40 days, which period may be extended once for 20 days. 28 C.F.R. § 542.18. At any stage of the process, "[i]If the inmate does not receive a response within the time allotted for reply, . . . the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. The appeal to the General Counsel at the Central Office constitutes the final administrative appeal. 28 C.F.R. § 542.15(a). An inmate may not raise issues in an appeal that were not raised in the lower level filing. 28 C.F.R. § 542.15(b)(2).

Here, defendants identify three incident reports filed by plaintiff regarding the claims brought in this matter over tuberculosis testing. Defendants argue that plaintiff did not exhaust his administrative remedies as to any of the three incident reports prior to filing this suit. The court agrees with defendants.

First, defendants address 2008 Incident Report No. 1772585. Defendants argue there is no material dispute that plaintiff did not file an administrative remedy request (BP-9) with regard to this incident, and cite to a declaration executed by Kaitlin Turner and plaintiff's Incident Report Index. See Docket No. 68-1 at ¶ 11(a). In plaintiff's response to defendants' motion, plaintiff does not dispute this assertion. Accordingly, the court finds that there is no genuine dispute that plaintiff failed to exhaust his administrative remedies as to 2008 Incident Report No. 1772585.

Second, defendants argue there is no material dispute that plaintiff failed to

8

exhaust his administrative remedies as to 2009 Incident Report No. 1914041. Plaintiff filed an administrative remedy request (BP-9) on September 22, 2009. See Docket No. 68-1 at ¶ 11(b). The institution rejected plaintiff's request on several grounds. Id. On October 1, 2009, plaintiff resubmitted his request, which was subsequently denied. Id. On October 20, 2009, plaintiff appealed the denial to the Regional Office, which was similarly denied. Id. Plaintiff did not submit an appeal to the Central Office. Id. In plaintiff's response to defendants' motion, plaintiff does not dispute any of these assertions. Accordingly, the court finds that there is no genuine dispute that plaintiff failed to exhaust his administrative remedies as to 2009 Incident Report No. 1914041.

Third, defendants argue there is no material dispute that plaintiff failed to exhaust his administrative remedies as to 2011 Incident Report No. 2066529. Plaintiff filed an administrative remedy request (BP-9) on April 22, 2011. See Docket No. 68-1 at ¶ 11(c). Plaintiff's request was rejected by the institution, so plaintiff resubmitted his request to the Regional Office. Id. The resubmitted request was rejected as untimely by the Regional Office. Id. This rejection was appealed by plaintiff to the Central Office. Id. Plaintiff's appeal was rejected as having been appealed to the wrong level. Id. Finally, on July 7, 2011, plaintiff resubmitted his appeal to the Regional Office. Id. The Regional Office rejected plaintiff's appeal because the evidence supported the charges against plaintiff. Id. Plaintiff filed the complaint (Docket No. 1) in this matter on August 1, 2011. Defendants thus argue that plaintiff had failed to exhaust his administrative remedies at the time the complaint was filed.

In his response, plaintiff argues that he did exhaust his administrative remedies as to 2011 Incident Report No. 2066529. Plaintiff points out that he filed his BP-11

9

appeal on September 13, 2011. However, in the Tenth Circuit, exhausting administrative remedies after a complaint is filed does not save a claim from dismissal. See Porter v. Nussle, 534 U.S. 516, 523-25 (2002); Jernigan v. Stuchell, 304 F.3d 1030, 1032-33 (10th Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001) (collecting cases); Stine v. Fed. Bureau of Prisons, No. 11-cv-00109, 2012 WL 882424, at *9 (D. Colo. Feb. 10, 2012) ("Exhaustion must occur before the filing of the lawsuit, not while it is pending."). Accordingly, the court finds that there is no genuine dispute that plaintiff failed to exhaust his administrative remedies as to 2011 Incident Report No. 2066529 prior to the filing of this suit.

Finally, plaintiff argues he should be excused from the exhaustion requirement because 2011 Incident Report No. 2066529 did not meet the requirement that in "all instances grievances must be processed from initiation to final disposition within 180 days, inclusive of any extensions." 28 C.F.R. § 40.7. Plaintiff argues the grievance process began on September 15, 2010 when he sent a letter to Defendant Mitchell in an "attempt at informal resolution." Accordingly, plaintiff contends that final disposition of his grievance should have occurred, at the latest, by mid-March 2011, a date well prior to the filing of the complaint in this matter.

The court, however, does not find that plaintiff's grievance process was initiated on September 15, 2010. Exhaustion of administrative remedies requires an inmate to follow the BOP's specific grievance procedures. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006); Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007 (proper compliance with grievance procedures is necessary to exhaust administrative remedies; "substantial compliance is insufficient"). It follows, therefore,

that the grievance process does not begin with respect to the 180 day requirement until the inmate initiates the grievance process in the specific manner required by BOP procedures. BOP procedures state than an inmate's first step in the process is to complete an informal grievance BP-8 form and give it to his correctional counselor. See Docket No. 68-1 at ¶ ¶ 3-4.

Here, plaintiff did not complete a BP-8 form until April 12, 2011. See Docket No. 68-1 at ¶ 11. As such, assuming there were no extensions, the 180 day period dictated by 28 C.F.R. § 40.7 did not expire until October 9, 2011. However, plaintiff filed his complaint more than two months prior to the expiration date, on August 1, 2011. Accordingly, there is no material dispute that at the time plaintiff's complaint was filed, plaintiff had not exhausted his administrative remedies by virtue of expiration of the 180 day 28 C.F.R. § 40.7 requirement.

**Recommendation**

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion for Summary Judgment (Docket No. 68) be **GRANTED.** It is further

**RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Docket No. 70) be **DENIED AS MOOT**. It is further

**RECOMMENDED** that Plaintiff's Motion for a Preliminary Injunction (Docket No. 92) be **DENIED AS MOOT**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

11

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  January 17, 2013              s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                     United States Magistrate Judge