**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.11-cv-02291-REB-MJW

VERNE JAY MERRELL,

    Plaintiff,

v.

DAVID ALLRED, D.O. FCC Health Services, and
PATRICIA MITCHELL, Program Mgt [*sic*] Officer, Health Services,
    in their individual and professional capacities,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation on Defendants' Motion for Summary Judgment** [#99],[1] filed January 17, 2013; and (2) **Plaintiff's Objection to Magistrate's Recommendation (doc. #99) and Notice of Intention To Appeal** [#101], filed February 4, 2013. I overrule the objections, approve and adopt the recommendation, grant defendants' motion for summary judgment, deny the other pending motions as moot, and dismiss plaintiff's remaining claim for failure to exhaust administrative remedies.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the

---

[1] "[#99]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

recommendation, objections, and applicable caselaw.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned. Plaintiff does not dispute that he failed to properly exhaust his administrative remedies as to his 2008 and 2009 grievances. Defendants' response, which I adopt and incorporate by this reference, articulates the specific manner in which plaintiff's attempts in 2010 to appeal the decision of the Discipline Hearing Officer were not compliant with the requisite grievance procedures and attendant deadlines required by the applicable Bureau of Prisons regulations. Thus, I agree with the magistrate judge that the 180-day clock for processing of the grievance did not begin until April 12, 2011. Plaintiff's filing of this suit prior to expiration of that deadline on October 9, 2011, without first receiving a final decision from the BOP constitutes a failure to fully exhaust this claim, which necessitates dismissal. *Ruppert v. Aragon*, 448 Fed. Appx. 862, 863, (10th Cir. Feb. 9, 2012), *cert. denied*, 133 S.Ct. 137 (2012).[2]

---

[2] Under similar provisions of the Federal Tort Claims Act, the Tenth Circuit has held that even the filing of an amended complaint once exhaustion has been perfected will not cure the pre-filing failure to fully exhaust. *Hill v. Pugh*, 75 Fed. Appx. 715, 717 (10th Cir. Sept. 11, 2003); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Stine v. Swanson*, 2008 WL 4330568 at *8-9 (D. Colo. Sept. 18, 2008). (In *Duplan*, the court made an exception based on the government's acknowledgment that the amended complaint constituted a new action and agreement to administrative closure of the first action pending exhaustion. *See Duplan*, 188 F.3d at 1199-1200. No such agreement is operative here.)

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Plaintiff's Objection to Magistrate's Recommendation (doc. #99) and Notice of Intention To Appeal** [#101], filed February 4, 2013, are **OVERRULED**;

2. That the **Recommendation on Defendants' Motion for Summary Judgment** [#99], filed January 17, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

3. That **Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies** [#68], filed September 5, 2012, is **GRANTED**;

4. That **Plaintiff's Motion for Summary Judgment** [#70], filed September 13, 2012, is **DENIED AS MOOT**;

5. That **Plaintiff's Motion for a Preliminary Injunction (Renewed)** [#92], is **DENIED AS MOOT**;

6. That plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies;

7. That judgment **SHALL ENTER** on behalf of defendants, David Allred, D.O. FCC Health Services; and Patricia Mitchell, Program Mgt. Officer, Health Services, in their individual and professional capacities, against plaintiff, Verne Jay Merrell, as to plaintiff's claim under RLUIPA; provided, that the judgment as to this claim shall be without prejudice;

8. That judgment **SHALL ENTER** in accordance with my **Order Adopting Recommendation of the United States Magistrate Judge** [#66], filed August 24, 2012; provided, that the judgment as to plaintiff's *Bivens* claim, to the extent his complaint can be read to assert one, shall be without prejudice; and

9. That defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner provided under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated April 4, 2013, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge