IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02291-REB-MJW

VERNE JAY MERRELL,

Plaintiff,

v.

DAVID ALLRED and
PATRICIA MITCHELL,

Defendants.

---

## ORDER ON
## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
## (Docket No. 118)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.
22) issued by Judge Robert E. Blackburn on December 8, 2011.

## PROCEDURAL HISTORY

On July 17, 2012, this court entered a Recommendation (Docket No. 55)
recommending that Defendants' Motion to Dismiss (Docket No. 34) be granted in part
and denied in part.  Specifically, the court recommended that plaintiff's <u>Bivens</u> claims be
dismissed and plaintiff's Religious Land Use and Institutionalized Persons Act
("RLUIPA") claims not be dismissed.  On August 24, 2012, Judge Blackburn entered an
Order (Docket No. 66) adopting this court's recommendation.

On January 17, 2013, this court entered a Recommendation (Docket No. 99)
recommending that Defendants' Motion for Summary Judgment (Docket No. 68) be

granted.  Specifically, the court found that plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  On April 4, 2013, Judge Blackburn entered an Order (Docket No. 109) overruling plaintiff's objections and adopting this court's recommendation.  Final judgment was entered the same day (Docket No. 110).

On April 24, 2013, plaintiff filed a Notice of Appeal (Docket Nos. 112 & 113).  While the appeal was pending, on May 6, 2013, plaintiff filed a Motion for Leave to File First Amended Complaint (Docket No. 118).  The court denied plaintiff's motion without prejudice, noting that it lacked jurisdiction due to the pendency of the appeal.  On May 20, 2013, the court received a Mandate (Docket No. 123) from the Tenth Circuit stating that plaintiff's appeal had been voluntarily dismissed.  The court then granted plaintiff's motion to reconsider its order on his motion to amend.

**PENDING MOTION**

Now before the court is Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 118).  The court has carefully considered the subject motion (Docket No. 118), defendants' response (Docket No. 132), and plaintiff's reply (Docket No. 133).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  "The plaintiff's *pro se* status does not entitle him to application of different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

The Federal Rules of Civil Procedure provide that a court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  However, the Tenth Circuit "has repeatedly and unequivocally held that once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  See The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (internal quotations omitted).

Here, judgment was entered on April 4, 2013.  Plaintiff filed a notice of appeal on April 24, 2013.  The appeal was later voluntarily dismissed.  Plaintiff did not file a motion pursuant to Fed. R. Civ. P. 59(e) or 60(b), and final judgment in this matter still stands.

4

Plaintiff filed the subject motion on May 6, 2013.  As the Tenth Circuit as made

abundantly clear, following final judgment, a motion to amend is not proper unless

judgment has first been set aside or vacated.  Because judgment in this matter has not

been set aside or vacated, the court finds that plaintiff's motion to amend should be

denied.  The court is aware of plaintiff's status as a pro se litigant, however, plaintiff's

status does not entitle him to application of different rules.

 

      **WHEREFORE,** for the foregoing reasons, it is hereby

      **ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint

(Docket No. 118) is **DENIED**.

 

      **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,**

5

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  July 9, 2013                              s/ Michael J. Watanabe
       Denver, Colorado                          Michael J. Watanabe
                                                 United States Magistrate Judge