**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.11-cv-02291-REB-MJW

VERNE JAY MERRELL,

    Plaintiff,

v.

DAVID ALLRED, D.O. FCC Health Services, and
PATRICIA MITCHELL, Program Mgt [*sic*] Officer, Health Services,
in their individual and professional capacities,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Relief From Judgment and Order** [#135],[1] filed July 17, 2013. Because the motion was filed more than 28 days after the entry of **Final Judgment** [#110], filed April 4, 2013, *see* **FED. R. CIV. P.** 59(b), it is properly brought and considered under Fed. R. Civ. P. 60(b).

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92

---

[1] "[#135]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from judgment. ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id.* at 1243-44. Here, the only possible applicable grounds for relief under Rule 60(b) are those provided by subparagraph (6), which contemplates relief from judgment based on "any other reason that justifies relief." **FED. R. CIV. P.** 60(b)(6).

I perceive nothing in plaintiff's motion to suggest that such extraordinary relief is warranted in this case. Instead, plaintiff merely reasserts arguments that were previously found unavailing. Plaintiff's disagreement with the court's previous rulings provides no proper basis for relief under Rule 60(b) or otherwise. *See **Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration . . . is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted). His arguments are matters properly raised on appeal, not reasons to revisit the duly entered orders of this court. ***Brown v. McCormick***, 608 F.2d 410, 413 (10th Cir. 1979) (noting that Rule 60(b) is "not a substitute for appeal"); ***Guara v. City of Trinidad***, 2013 WL 627139 at *1 (D. Colo. Feb. 20, 2013) (same).

THEREFORE, IT IS ORDERED it is ordered that plaintiff's **Motion for Relief From Judgment and Order** [#135], filed July 17, 2013, is **DENIED**.

Dated September 6, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3